BARNARD KIMBLEY, ET AL., *v.* S. A. JACKSON.

Sale of Personal Property—Lien of Purchaser for Advancements—Notice—Practice.

> One who advances money on a contract to purchase personal property is entitled to a lien on such property as against the vendor or others purchasing such property with notice of such advancement.

**Practice—Motion for New Trial.**

> To aver, in a motion for a new trial, that the judgment is against the law, is not sufficient to call in question the correctness of instructions.

### APPEAL FROM OHIO CIRCUIT COURT.

#### March 31, 1876.

### Opinion by Judge Cofer:

The appellee alleged that he purchased the tobacco of Smith and Davis, and subsequently the appellants purchased of them the same tobacco; that hearing of their purchase he immediately, and before they had paid any part of the purchase money, gave them notice of his purchase and of the amount he had advanced upon it; and that they, after being notified, received the tobacco and refused to refund to him the amount he had paid.

It is not material to decide whether the title passed to the appellee or not; he had, as against his vendors, a lien on the tobacco for his advances made on the faith of his purchase, and appellants having received notice of the lien before they had paid the purchase money, were bound by the lien and were properly adjudged to answer for it.

They are not in a position to claim protection as innocent purchasers. Although it was irregular to instruct the jury to find for the plaintiff, the appellants are not entitled to a reversal. Their grounds for a new trial do not question the correctness of the instruction of the court. They specified but two grounds for a new trial: 1st, that the judgment is against the law, and is not sustained by the evidence; 2nd, that their witness was detained by rain and did not reach the court until the trial was completed.

The first ground relied upon only raises the question whether the judgment is sustained by the evidence. The evidence was clearly sufficient. "That the judgment is against the law" is not sufficient to call in question the correctness of instructions. Grounds for a new trial should indicate the error complained of so as to call it to the attention of the court. But it is impossible from the grounds filed to discover what particular error is complained of. That the judgment is against the law may more properly be regarded as intended to question the sufficiency of the petition than the correctness of instructions.

The second ground is insufficient. The appellants must have known before the trial was commenced that their witness was ab-

sent, and should have moved for a continuance or postponement until they could have him present. This they did not do. They went into trial without objection and cannot have a new trial on the ground that they were not ready.

Judgment *affirmed.*

*Walker & Hubbard, for appellants.*
*McHenry & Hill, for appellee.*